# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JASON ROBERT BRADEN, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:19-CV-323-CLC-HBG |
| | ) |
| DAVID A. STUART, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and a motion for relief [Doc. 10].

**I.    FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Anderson County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding

month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. COMPLAINT ALLEGATIONS

Plaintiff alleges that he is in prison based on a plea agreement that he entered only after being falsely informed of the penalties contained in the agreement [Doc. 2 p. 3-4]. He asks the Court to correct the plea and award him monetary damages [*Id*. at 5].

### B. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

Plaintiff cannot obtain relief from a criminal sentence in this § 1983 action; his federal remedy is through a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action).

Moreover, to the extent Plaintiff is seeking monetary compensation arising from his confinement, he is prohibited from obtaining such damages unless he can first prove that his conviction or sentence has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As the Plaintiff concedes that his conviction has not been invalidated, his

claim under 42 U.S.C. § 1983 is not ripe for consideration and will be **DISMISSED** without prejudice. His associated motion for relief [Doc. 10] will be **DENIED** as moot.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's complaint is **DISMISSED** without prejudice;

6. Plaintiff's motion for relief [Doc. 10] is **DENIED** as moot; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**